**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **MARIO HERIBERTO ZUBIA-DOMINGUEZ,** | § § § | |
| **Petitioner,** | § § | |
| **v.** | § § | **CAUSE NO. EP-26-CV-2015-KC** |
| **MARKWAYNE MULLIN et al.,** | § § | |
| **Respondents.** | § § § | |

**ORDER**

On this day, the Court considered Mario Heriberto Zubia-Dominguez's Petition for a

Writ of Habeas Corpus, ECF No. 1.  Zubia-Dominguez is held in immigration detention at the El

Paso Service Processing Center in El Paso, Texas.  *Id.* ¶ 1.  He argues that his detention without

an individualized custody determination is unlawful on both statutory and constitutional due

process grounds and asks the Court to order his release or a bond hearing.  *Id.* ¶¶ 61–70; *id.* at

22.

Zubia-Dominguez has been in the country for approximately sixteen years and was

apprehended and detained by immigration authorities for the first time on June 22, 2026.  *Id.* ¶¶

3–6.  He was apprehended "based upon a 'controlled substance' violation that was subsequently

rejected for prosecution by the District Attorney."  *Id.* ¶ 6.  In its Show Cause Order, ECF No. 3,

the Court noted that, "[a]s alleged, [Zubia-Dominguez's] case appears materially

indistinguishable from several others in which this Court has found a procedural due process

violation.  *See, e.g.*, *Martinez v. Noem*, No. 3:25-cv-430-KC, 2025 WL 2965859, at *1–5 (W.D.

Tex. Oct. 21, 2025)."  Show Cause Order 3–4.  The Court thus asked Respondents to engage

with its prior decisions and "explain whether the facts of Zubia-Dominguez's case warrant a different outcome." *Id.* at 4.

On August 6, 2026, Respondents filed their Response, in which they argue that Zubia-Dominguez's case must be dismissed following *Buenrostro-Mendez v. Bondi*, --- F.4th ----, 2026 WL 323330 (5th Cir. Feb. 6, 2026).[1]  Resp. 1, ECF No. 4.

Zubia-Dominguez argues that his detention without an opportunity for a meaningful individualized custody determination is unlawful on statutory grounds, as well as constitutional due process grounds.  Pet. ¶¶ 61–70.  The *Buenrostro-Mendez* panel opinion held that the statute does not entitle people in Zubia-Dominguez's position to a bond hearing when they are detained pending removal proceedings.  *Buenrostro-Mendez*, 2026 WL 323330, at *1.  Therefore, Respondents are correct that *Buenrostro-Mendez* requires denial of the Petition in part as to Zubia-Dominguez's statutory claim.

However, as this Court has previously stated, the *Buenrostro-Mendez* court did not reach the due process question, confining its analysis and holding to statutory interpretation.  *Gomez Hernandez v. ICE Field Off. Dir., El Paso, Tex.*, No. 3:26-cv-67-KC, 2026 WL 503958, at *2 (W.D. Tex. Feb. 23, 2026) (citations omitted).  "Thus, '*Buenrostro-Mendez* has no bearing on this Court's determination of whether [a habeas petitioner] is being detained in violation of her constitutional right to procedural due process.'"  *Id.* at *2 (citations omitted).  Other "[f]ederal district courts in Texas have also made this finding subsequent to the Fifth Circuit issuing its opinion in Buenrostro-Mendez."  *Ochoa v. Vergara*, No. 1:26-cv-266-RP, 2026 WL 482211, at *3 (W.D. Tex. Feb. 20, 2026) (collecting cases).

---

[1] To the extent Respondents might argue that *Sosnava Rodriguez v. Ortega*, --- F.4th ----, 2026 WL 2104747 (5th Cir. July 21, 2026), bars consideration of Zubia-Dominguez's claim, the Court rejects that argument for the reasons stated in its Show Cause Order.  *See* Show Cause Order 2–4.

And the Court has already rejected the rest of Respondents' arguments or else need not reach them. *Compare* Resp. 1–25, *with, e.g.*, *Gomez Hernandez*, 2026 WL 503958, at *1–3; *Lala Barros v. Noem*, No. 3:25-cv-488-KC, 2025 WL 3154059, at *1–6 (W.D. Tex. Nov. 10, 2025); *Erazo Rojas v. Noem*, No. 3:25-cv-443-KC, 2025 WL 3038262, at *1–5 (W.D. Tex. Oct. 30, 2025); *Martinez*, 2025 WL 2965859, at *1–5; *Santiago v. Noem*, No. 3:25-cv-361-KC, 2025 WL 2792588, at *10–13 (W.D. Tex. Oct. 2, 2025); *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 674–88 (W.D. Tex. 2025). Because Respondents have not identified any material differences between Zubia-Dominguez's case and this Court's prior decisions, and *Buenrostro-Mendez* has no bearing on Zubia-Dominguez's procedural due process claim, it follows that the same result is warranted here. *See generally* Resp.

Thus, after careful consideration of the entire record,[2] and for reasons explained at length in *Lopez-Arevelo*, *Santiago*, *Martinez*, *Erazo Rojas*, *Lala Barros*, *Gomez Hernandez*, and this Court's many other decisions involving habeas claims brought by petitioners subject to mandatory detention under the Government's new interpretation of 8 U.S.C. § 1225(b), Zubia-Dominguez's Petition is **GRANTED IN PART** on procedural due process grounds.[3]

The Court **ORDERS** that, **on or before August 17, 2026**, Respondents shall either: (1) provide Zubia-Dominguez with a bond hearing before an IJ, at which the Government shall bear the burden of justifying, by clear and convincing evidence of dangerousness or flight risk, Zubia-Dominguez's continued detention; or (2) release Zubia-Dominguez from custody, under reasonable conditions of supervision.

---

[2] The relevant facts are undisputed, *see* Resp. 3–4, and the Court grants relief without a hearing. *See Tijerina v. Thornburgh*, 884 F.2d 861, 866 (5th Cir. 1989) (citations omitted).

[3] As to Zubia-Dominguez's requested relief—immediate release or a bond hearing—*Buenrostro-Mendez* does not change the Court's analysis of the appropriate remedy either. *See, e.g.*, *Bonilla Conforme v. de Anda-Ybarra*, No. 3:26-cv-263-KC, 2026 WL 381110, at *3 (W.D. Tex. Feb. 11, 2026) (citing *Lala Barros*, 2025 WL 3154059, at *5 n.1).

**IT IS FURTHER ORDERED** that, <u>**on or before August 17, 2026**</u>, Respondents shall **FILE** notice informing the Court whether Zubia-Dominguez has been released from custody.  If Zubia-Dominguez has not been released from custody, Respondents shall inform the Court whether and when a bond hearing was held in accordance with the preceding paragraph. Respondents shall further inform the Court, in detail, of the reasons for the IJ's decision.

**IT IS FURTHER ORDERED** that if Zubia-Dominguez is released from custody, Respondents shall **RETURN** all of his personal property in their custody, without which his liberty interest will be affected, to him upon release.  Such property includes, but is not limited to, identification documents.

<u>**There will be no extensions of the August 17, 2026, deadlines,**</u> unless they fall on a weekend or a holiday, in which case, the deadlines are extended to the following business day.

<u>**Respondents are CAUTIONED that a proceeding in which bond is denied by the IJ for lack of jurisdiction does not satisfy Respondents' obligation to provide a bond hearing in compliance with this Order, and therefore requires release from custody**</u>.

**SO ORDERED**.

**SIGNED this 10th day of August, 2026.**

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE

4